IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN ZAHRAN, et al.,       )
                            )
            Plaintiff,      )
                            )
    v.                      )   No.  05 C 5823
                            )
AMERICAN EQUITY INSURANCE CO., )
et al.,                     )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND ORDER

Bank One, with the joinder and consent of the numerous other defendants in this action brought by Robin and Karen Zahran (collectively "Zahrans") has filed a timely Notice of Removal ("Notice") to bring this action from its place of origin in the Circuit Court of Cook County to this District Court. As with any proposed federal action, this Court's first responsibility is to inquire into the presence or absence of subject matter jurisdiction. And because in this Court's view the removal was improvident, based on an unsound view of such jurisdiction, this sua sponte opinion returns this action to its place of origin.

Zahrans' sprawling Complaint comprises fully 20 counts, set out in 144 paragraphs that occupy 26 pages. Almost without exception the counts are labeled in terms of common-law causes of action:[1] slander of title, breach of contract, violation of

---

[1] This Court is of course aware that the operative concept in federal practice is that of "claim" rather than "cause of action," but the usage in the text is prompted by the fact that the case was originally brought in the state court system, where

fiduciary duties, conversion, slander and libel, "intolerance of economic business advantages," interference with contracts, fraud, consumer fraud, conspiracy, account stated, quantum meruit and breach of implied contract. There are only two exceptions:

1. Count III is labeled "Violation of the Fair Credit Reporting Act by Bank One Relating to Karen Zahran."

2. Count XIV is labeled "Racketeering Against American Equity."

But the obvious problem with a removal sought to be grounded on those references is the same one that is exemplified by the familiar aphorism attributed to Abraham Lincoln and recounted in Bartlett's Familiar Quotations at 542 (13th ed.):

If you call a tail a leg, how many legs has a dog?
Five? No, calling a tail a leg don't make it a leg.

Just so, Zahrans' unsupported references to the two federal statutes mentioned in Counts III and XIV do not truly implicate those provisions so as to call federal question jurisdiction into play.

Thus the Count III substantive charges against Bank One (Complaint ¶¶67-68) do not identify any provision of the Fair Credit Reporting Act purportedly breached by Bank One's conduct, nor does Notice ¶3 refer to anything other than Zahrans' "purport[ed]" allegations in that respect. And as for the

---

"cause of action" is indeed the proper term.

attempted RICO-based charge against American Equity Insurance Co. in Count XIV, the Count XIV ¶110 citation of 18 U.S.C. §1961 gives no hint of how Zahrans qualify for the private action provisions of 18 U.S.C. §1964(c), nor has this Court been able to tease such a claim out of Zahrans' allegations.[2]

What is really presented here is the flipside of the established principle that the fraudulent joinder of a defendant in a state court action, inserted in an effort to destroy diversity jurisdiction, will not defeat removal of that action to the federal court. In the same way, Zahrans' frivolous (in the legal sense) references to the two federal statutes in their state court Complaint will not allow defendants to bootstrap themselves into the federal court via removal.

No doubt Bank One and its codefendants may prefer to litigate in federal court rather than in the Circuit Court of Cook County. But preferred forums are not the stuff of which removals are properly fashioned. Indeed, even if the analysis here had arrived at a different destination, so that Counts III and XIV were somehow to be viewed as properly lodged in this District Court, those claims are sufficiently discrete so that the vast bulk of Zahrans' claims--all sounding solely in state

---

[2] By way of example, nothing in the Complaint appears to satisfy the familiar person-enterprise dichotomy required to bring 18 U.S.C. §1962(b) or (c) into play, and the other subsections of Section 1962--(a) and (d)--are not arguably involved.

3

law--should appropriately be returned to the Circuit Court pursuant to 28 U.S.C. §1367(c). No useful purpose would be served by such two-court litigation among the same parties.

In summary, as 28 U.S.C. §1447(c) puts it, "it appears that the district court lacks subject matter jurisdiction" (really an understatement in this case). That being so, the same section mandates remand of the case to the state court. This Court so orders, and as permitted by this District Court's LR 81.2, the certified copy of the remand order shall be mailed forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 14, 2005